GREEN, J.
delivered the opinion of the court.
This is an action of trespass quare clausum fregit, brought by West, against Lanier, for digging ore, from an iron ore bank. The plaintiff claims title by virtue (if an older entry and grant. The defendant claims title to the same land, by virtue of a deed of conveyance from a younger grantee.
It appears, from the bill of exceptions, that Samuel Yanlier built the Brownsport furnace in 1839, and in 1840 *769 his hands were employed in digging ore at the bank on the twenty-five acre tract in dispute, and that he continued so to work the same until his death, about the "last of November, 1844. After Yanlier’s death the furnace was run, and ore was dug until about the 1st of January, 1845, when all the hands and mules were removed from the ore bank in question. About the 1st of February, 1845, the defendant’s hands commenced cleaning out the pits and digging ore at the aforesaid bank, and defendant has continued to raise and carry off the ore ever since that time. Yanlier claimed the land as his own, under a title bond from Wallace Dixon, the grantee, and after his death the title bond was destroyed by the consent of all parties, and Dixon then sold the land to the defendant, who entered upon the same, claiming it as his own. This record does not show whether the possession of the defendant has any connection with Yanlier’s previous possession, and claim under the said title bond. The land is of no value except for the ore and timber.
The court charged the jury in substance, that if the plaintiff showed that the legal title to the land was in him, he would be in the constructive possession thereof, when it was actually occupied by no one else; that a disseisee may maintain trespass for the original act of disseisin, but that he cannot have this action for any subsequent injury, until he has acquired the possession by re-entry, which will relate back to the original disseisin and entitle him to sue in trespass, for any intermediate wrong to the freehold. But the court further charged the jury, that if the plaintiff was only in the constructive possession, and the defendant took actual possession claiming under a deed, grant or other assurance purporting to convey a fee simple estate, he *770 would not be guilty of such a trespass as will entitle the plaintiff to his action. If the defendant constantly occupied and used the land in such way as it would alone admit, claiming by virtue of a deed, grant or other assurance in fee simple and continued thus to occupy it, such use and occupation would be an actual possession.
The jury found a verdict for the defendant, and the plaintiff appeals to this court.
1. The plaintiff in error insists, that the court erred in charging the jury that the use and occupation of the land in question, for digging ore would be an actual possession. We do not think his Honor erred, in this instruction. In the language of the court in Ewing vs. Burnett, (11 Peters Rep. 52,) “an entry by one man upon the land of another is an ouster of the legal possession, arising from the title, or not, according to the intention with which it is done; if made under claim and color of right, it is an ouster; otherwise, it is a mere trespass ; in legal language, the intention guides the entry and fixes its character.” In the same case the court says, “ neither actual cultivation or residence is necessary to constitute actual possession, (8 Peters 515,) when the property is so situated as not to admit of any permanent useful improvement, and the continued claim of the party has been evidenced by public acts of ownership, such as he would exercise over property he claimed in his own right, and would not exercise over, property he did not claim.” In this case, the possession of the party consisted of digging and carrying off sand from a lot in Cincinnati, under a claim of title. The possession, the court decided, was sufficient to vest in him the better title, by the statute of limitations.
*771 Judge Gaston, says, in Williams vs. Buchanan, 1 Ire. L. Rep. 540, “possession of land is denoted by the exercis'e of acts of dominion over it, in making the ordinary use and taking the ordinary profits, of which it is susceptible in its present state, such acts to be so repeated, as to show that they are done in the character of owner, and not of an occasional trespasser.” See, also, same book, 58; 2 Ir. L. R. 564; Ir. L. R. 310; 3 Dev. 36; 4 Hump. 59; 9 Yerg. 93; Mart, and Yerg. 58. From these cases it will be seen, that an enclosure or residence on land, is not necessary, in order to constitute possession; but that such use and occupation of it, as from its nature and character it is susceptible, under a claim of ownership, will be an actual possession.
2. But we think the court erred, in telling the jury, that if the plaintiff was only in the constructive possession, and the defendant took actual possession, claiming under a deed, grant, or other assurance purporting to convey an estate in fee simple, he would not be guilty of such a trespass, as will entitle the plaintiff to this action. It is true that in England, this action cannot be supported, unless the plaintiff was in actual possession when the trespass was committed. Chit. Pl. 175, 177; 5 East. R. 485-7. But in this country a different rule has prevailed; and now it is well settled, that the party who has the legal title to land which is adversely occupied by no one, has a constructive possession thereof, that will enable him to maintain trespass for an injury to the freehold. 11 John. 385 ; 9 Yer. R. 311. The reason of this diversity is, that in this country a large portion of the lands are in the actual occupation of no one, and unless the owner were allowed to maintain trespass upon his constructive possession, those lands would be *772 exposed to the ravages of every lawless wrongdoer. 9 Yerg. R. 312. Although, therefore, the plaintiff may be only in the constructive possession of land, and the defendant may have taken possession thereof, claiming it as owner, and thereby may have ousted the party having the better title, so that the statute of limitations may commence running in his favor, yet the first entry was a trespass for which he may maintain this action. Chitty says (1 Chit, on PL 177,) “a disseisee may have it (trespass) against a disseisor, for the disseisin itself, because he was then in possession; but not for an injury after the disseisin, until he hath gained possession by re-entry, and then he may support his action for the intermediate damage.” This doctrine applies in this country to a disseisin where there was a constructive possession only, and entitles the true owner, who is thus ousted, to maintain trespass for the first entry, but not for any subsequent acts. This court is not to be understood as holding a different doctrine, from that here stated, in the case of Polk vs. Henderson. 9 Yerg. R. 312. All that the court decided in that case, is, that for acts done by a party in possession, under a claim of title, trespass will not lie. And so we now hold. If, therefore, the defendant’s possession has no connection with the previous possession of Vanlior, he is liable to this action for his first entry; but not for any subsequent acts. Reverse the judgment, and remand the cause.